(110 So. 744) .

No. 28193.

STATE v. BOYD.

(Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⟜163—Bill of particulars describing liquor sold held properly amended by adding words "or other similar compound," where proof showed different flavor than that alleged (Act No. 57 of 1924; Rev. St. § 1047).

In prosecution for selling liquor fit for intoxicating purposes, by whatever name called, under Act No. 57 of 1924, bill of particulars alleging that liquor was "pear extract" *held* properly amended by adding words "or similar compound," under Rev. St. § 1047, where proof showed that alcohol sold contained pineapple and banana flavor.

2. **Indictment and information** ⟜163—Bill of particulars need not be amended to show correct flavor of liquor sold, on its production in evidence at defendant's request.

Where liquor which defendant was charged with selling was produced at defendant's request, it was unnecessary to amend bill of particulars alleging that it was "pear extract," on proof, showing that it had pineapple flavor.

3. **Intoxicating liquors** ⟜231—That defendant sold liquor as "pear extract" held admissible as to fitness for beverage (Act No. 57 of 1924).

In prosecution for selling liquor under Act No. 57 of 1924, testimony that liquor sold to witnesses was "pear extract" was proper, on question whether defendant represented it to be fit for beverage purposes and sold it for such.

4. **Criminal law** ⟜404(4)—Liquor alleged to have been sold by defendant held admissible in proof of corpus delicti.

Liquor alleged to have been sold by defendant is admissible to prove corpus delicti in prosecution for its sale.

5. **Criminal law** ⟜510—Defendant may be convicted of selling liquor by uncorroborated testimony of private detectives.

Defendant, charged with selling liquor, may be convicted on uncorroborated testimony of private detectives.

6. **Criminal law** ⟜1159(2)—Supreme Court cannot review exception that verdict is against weight of evidence.

Bill of exceptions to refusal of trial judge to grant new trial on ground that verdict was contrary to weight of evidence presents nothing for review by Supreme Court, which has no jurisdiction in criminal cases on facts touching guilt or innocence of accused.

Appeal from Ninth Judicial District Court, Parish of Grant; R. C. Culpepper and L. L. Hooe, Judges.

Willie Boyd was convicted of selling intoxicating liquor, and he appeals. Affirmed.

Clair H. McCain, of Colfax, for appellant.
Percy Saint, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, of New Orleans, of counsel), for the State.

ST. PAUL, J. The defendant was convicted of selling intoxicating liquor for beverage purposes, and his appeal presents five bills of exception.

I.

Before going to trial the defendant asked for a bill of particulars setting forth the kind of liquor alleged to have. been sold, and prayed for the production of the alleged intoxicating liquor for the purpose of analysis. The district attorney answered that the liquor was "pear extract, an alcoholic liquid

containing more than one-half of 1 per cent. of alcohol by volume, and fit for use for intoxicating beverage purposes," and produced said liquid in open court for such disposition and analysis as the court might direct.

When the liquor had been analyzed and shown to contain 46 per cent. of alcohol, but to have a flavor of pineapple and banana, and not a pear flavor, the district attorney asked leave to amend his bill of particulars by inserting therein, after the words pear extract, the words "or a similar compound," thus making the same read:

"The kind of liquor was pear extract, *or a similar compound,* an alcoholic liquid containing more than one-half of 1 per cent. of alcohol by volume, and fit for use for intoxicating beverage purposes."

This amendment was allowed over defendant's objection, to which ruling of the court defendant reserved his bill of exception No. 5.

[1] The amendment was both permissible and unnecessary. It was *permissible* because section 1047 of the Revised Statutes of 1870 provides that:

"Whenever on or before the trial * * * there shall appear to be any variance between * * * the indictment and the evidence offered in proof thereof, * * * in the name or description of any matter or thing whatsoever therein named or described, * * * it shall be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced in his defense, to order such indictment to be amended according to the proof. * * * "

[2] And since the *essence* of the offense charged was that defendant had sold a liquor containing more than one-half of 1 per cent. of alcohol by volume, and fit for use for intoxicating purposes, "by whatsoever name called" (Act 57 of 1924, p. 93), it follows that it was not material to the merits of the case whether said liquor be called pear extract or by some other name. And it was *unnecessary* because, at defendant's own request, the state had produced the very liquor which defend-

ant was charged with selling, and there could therefore be no uncertainty about the proof which the state meant to produce against him.

## II.

[3] In his bill of exception No. 2 defendant complains that witnesses for the state were allowed to testify that the liquor was sold to them as *pear extract.* We think the state was entitled to show what the defendant represented the liquor to be, as that had a direct bearing on the question whether he represented it to be fit for beverage purposes and sold it for such purposes.

Thus, in the per curiam to bill of exception No. 4 it appears that the witnesses for the state went to defendant to purchase "something to drink" and the defendant told them he had nothing but "pear extract," and thereupon sold them the liquor produced in court.

## III.

[4] In his bill of exception No. 4 defendant complains that the state was allowed to introduce in evidence the liquor which he was charged with having sold. This bill is without merit. The evidence was clearly admissible in proof of the corpus delicti.

## IV

[5] In his bill of exception No. 3 the defendant complains that the trial judge refused to charge that defendant could not be convicted on the uncorroborated testimony of private detectives. No authority is produced in support of such a proposition, and in our opinion the proposition is not sound.

## V.

[6] Bill of exception No. 1 was reserved to the refusal of the trial judge to grant a new trial, applied for on the ground that the verdict was contrary to the weight of the evidence. This bill presents nothing for our consideration, as we have no jurisdiction in criminal cases on the facts touching the guilt or innocence of the accused.

**Decree.**

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., concurs in the decree.